IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**MARCUS MCADAMS**  **PLAINTIFF**
Reg. #30434-76

V.   NO. 2:22-cv-00221-LPR-ERE

**C. EDGE, Acting Warden,**  **RESPONDENT**
**FCI Forrest City**

## RECOMMENDED DISPOSITION

This Recommended Disposition ("RD") has been sent to United States District Judge Lee P. Rudofsky. You may file objections if you disagree with the findings or conclusions set out in the RD. Objections should be specific, include the factual or legal basis for the objection, and must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Rudofsky can adopt this RD without independently reviewing the record.

## I.   INTRODUCTION

Marcus McAdams, an inmate at the Federal Correctional Institution in Forrest City, Arkansas ("FCI-FC"), has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Doc. 1*. He claims that the Bureau of Prisons ("BOP") wrongfully denied him First Step Act ("FSA") earned time credits. For reasons that follow, I recommend that the petition be denied and the case dismissed, without prejudice, for failure to exhaust administrative remedies.

## II. BACKGROUND

In 2018, Mr. McAdams pleaded guilty in the United States Court for the Western District of Tennessee to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *United States v. McAdams*, No. 2:17-CR-20301-JTF, *Doc. 21* (W.D. Tenn.). He was sentenced to 120 months in prison. *Id.*, *Doc. 36*.

In December 2021, while serving his 120-month sentence at FCI-FC, Mr. McAdams pleaded guilty in this District to misdemeanor possession of a prohibited object in prison, in violation of 18 U.S.C. § 1791(a)(2). Mr. McAdams received a two-month sentence, consecutive to the previously imposed 120-month sentence. *United States v. McAdams*, No. 2:21-CR-00121-JJV, *Docs. 6, 9* (E.D. Ark). According to the BOP's website,[1] Mr. McAdams' anticipated release date is December 25, 2027.

On December 8, 2022, Mr. McAdams filed the § 2241 petition now before the Court.[2] *Doc. 1*. He asserts that the BOP incorrectly classified him as ineligible to receive FSA time credits based on his misdemeanor conviction for possession of contraband in prison. He asks the Court to find the BOP's "interpretive scheme" improper and deem him eligible to receive FSA time credits. *Id. at 1*.

---

[1] *See* www.bop.gov/inmateloc/ (last accessed November 17, 2023).

[2] The referral in this case was originally assigned to United States Magistrate Judge J. Thomas Ray. On November 2, 2023, following Judge Ray's transition to part-time service, the Magistrate Judge referral was reassigned by random draw. *Doc. 12*.

On April 26, 2023, Respondent filed a response, asserting that Mr. McAdams' petition should be dismissed for failure to exhaust administrative remedies or, alternatively, because his conviction for possession of contraband renders him ineligible to receive FSA time credits. *Doc. 8*.

On May 22, 2023, Mr. McAdams filed a reply, asserting that he exhausted his administrative remedies or, alternatively, that exhaustion of his administrative remedies in his case would be futile and should be excused. *Doc. 11 at 2*. As to the merits of his claim, Mr. McAdams argues that: (1) a conviction for possession of contraband in prison is not listed among the offenses making a prisoner ineligible for FSA time credits (*Doc. 11 at 3*); and (2) he is entitled to receive the FSA time credits he earns while serving his 120-month sentence for violation of § 922(g)(1). *Doc. 1 at 3*.

### III.   DISCUSSION

#### A.   FSA Earned Time Credits

The FSA allows inmates to earn time credits that may apply toward early placement in pre-release custody or transfer to supervised release. 18 U.S.C. § 3632(d)(4). Prisoners earn time credits by successfully completing "evidence-based recidivism reduction programming" or "productive activities." 18 U.S.C. § 3632(d)(4)(A).

Relevant to Mr. McAdams' case, the FSA provides that a prisoner is ineligible to "receive" time credits (that is, to have earned time credits applied toward early prerelease placement or transfer to supervised release) if serving a sentence for enumerated offenses. The enumerated, disqualifying offenses include a violation of 18 U.S.C. § 1791, "relating providing or possessing contraband in prison." 18 U.S.C. § 3632(d)(4)(D)(xxix). This provision makes no exceptions for misdemeanor violations. Also important to Mr. McAdams' eligibility status, 18 U.S.C. § 3584(c) instructs the BOP to treat multiple terms of imprisonment, whether imposed concurrently or consecutively, "for administrative purposes as a single, aggregate term of imprisonment."

Despite these statutory directives, Mr. McAdams argues that the BOP should consider his consecutive sentences separately and find him eligible to receive FSA time credits he earns while serving his 120-month sentence for violation of 18 U.S.C. § 922(g)(1).

B. **Exhaustion of Administrative Remedies**

A federal inmate must normally exhaust his administrative remedies before seeking habeas relief under § 2241. *Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir. 1974). This judicially created exhaustion requirement, which is not a jurisdictional prerequisite, is designed to serve several purposes including:

> (1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and

>discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level.

*Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976) (citing *McKart v. United States*, 395 U.S. 185, 194-195 (1969)).

Proper exhaustion of administrative remedies "'means using all steps that the agency holds out and doing so *properly* (so that the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). The BOP has a four-step administrative process for resolving inmate grievances: (1) an attempt at informal resolution with prison staff; (2) if informal resolution fails, submission of a formal grievance to the Warden on form BP-9; (3) if the formal grievance is denied, appeal to the appropriate Regional Director within 20 days of the Warden's response on form BP-10; and (4) if the BP-10 appeal is denied, appeal to the General Counsel within 30 days of the Regional Director's response on form BP-11. 28 C.F.R. §§ 542.13–542.18.

A grievance or appeal is considered filed "on the date it is logged into the Administrative Remedy Index as received." 28 C.F.R. § 542.18. If an inmate demonstrates a valid reason for a delayed submission, time limits may be extended. 28 C.F.R. § 542.15(a). Valid reasons for delay include any "situation which

5

prevented the inmate from submitting the request within the established time frame." 28 C.F.R. § 542.14(b).

"Once [a request or appeal is] filed, [a] response shall be made by the Warden . . . within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days." *Id*. If, at any step in the process, the BOP fails to issue a timely response, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

Mr. McAdams provides documentation that he submitted an informal resolution attempt dated June 15, 2022 (*Doc. 11 at 6*) followed by a B-9 grievance on June 23, 2022, asserting that he is eligible to receive FSA time credits. *Doc. 11 at 6-7*. In a July 11, 2022 response, the FCI-FC Warden explained that Mr. McAdams' conviction for possession of a prohibited objection in prison made him ineligible to receive FSA time credits. *Id. at 8*.

Mr. McAdams appealed the Warden's decision using a BP-10 form dated July 15, 2022. *Id. at 9*. The date received stamp on the appeal form and information from the BOP's SENTRY database[3] show that Mr. McAdams' appeal was received by the Regional Director on July 29, 2022. *Doc. 8-5 at 3*. In a response dated October 4,

---

[3] Respondent states that the BOP maintains all administrative remedy submissions from inmates on its "SENTRY" computer database and provides information retrieved from SENTRY regarding Mr. McAdams' submissions requesting FSA earned time credits. *Doc. 8 at 3, Doc. 8-5*.

2022, the Regional Director denied the appeal, noting that Mr. McAdams' § 1791 conviction disqualified him from receiving FSA time credits. *Doc. 11 at 10*. The response advised: "You can continue to earn FSA credits; however, the credits will not be applied toward your sentence." *Id*. Finally, the response advised Mr. McAdams that an appeal of the decision "must be received" within 30 days (by November 3, 2022).

Mr. McAdams states that he mailed a BP-11 appeal to the General Counsel on October 17, 2022. *Id*. Neither party provides a copy of Mr. McAdams' BP-11 appeal form. However, the BOP's SENTRY database shows that the General Counsel received Mr. McAdams' BP-11 appeal on November 30, 2022, and denied the appeal as untimely.[4] Respondent reports, but provides no documentation showing, that consistent with BOP regulations, the Office of General Counsel provided Mr. McAdams an opportunity to resubmit his appeal with an explanation justifying the delay. *Doc 8 at 5*. Respondent states that as of the date its response, April 26, 2023, Mr. McAdams had not resubmitted his appeal. *Id*.

Mr. McAdams does not say that he made any effort to resubmit his BP-11 appeal or that he provided the BOP a valid reason for its delayed submission. Instead,

---

[4] Mr. McAdams suggests that the BOP should have applied the prison mailbox rule and deem that his BP-11 appeal was timely submitted on October 17, 2022. *Doc 11 at 2*. However, BOP regulations, not the prison mailbox rule, determine when an administrative appeal is filed and provide that an appeal "is considered filed on the date it is logged into the Administrative Remedy Index as received." 28 C.F.R § 542.18.

he suggests that because the Regional Director took over 30 days to respond to his BP-10 appeal, completion of the administrative exhaustion process is somehow futile. *Doc. 11 at 2*. But the Regional Director's tardy response did not prevent Mr. McAdams from: (1) considering the absence of a timely response a denial at the BP-10 level and submitting a timely BP-11 appeal; or (2) submitting a valid reason why his BP-11 appeal was late.

In this context, the exhaustion requirement is "judge-made," rather than jurisdictional. See *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013) (holding that unless Congress "clearly stated that [a] rule is jurisdictional," the Court must treat it as non-jurisdictional (internal quotation marks omitted)); *Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007) (noting that the exhaustion requirement for a § 2241 petition is judicially created, not jurisdictional).

While the Court may overlook Mr. McAdams' failure to exhaust and proceed to the merits, deciding whether to do so requires balancing Mr. McAdams' interest "in retaining prompt access to a federal judicial forum" with the BOP's "institutional interests favoring exhaustion." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (superseded by statute on other grounds). Mr. McAdams does not allege that he will suffer prejudice absent immediate habeas review. And given his anticipated December 25, 2027 release date, he has time to start again and complete the exhaustion process.

While it seems unlikely the BOP's position will change regarding Mr. McAdams' eligibility to receive FSA time credits, Respondent does not concede that exhaustion is futile, but instead argues that completion of the BOP's administrative remedy process is especially valuable for disputes involving the FSA time credit program because it provides an opportunity to clarify agency policies and procedures and possibly curtail litigation. *Doc. 8 at 5*.

Even though Mr. McAdams completed all but the final step of the BOP's exhaustion process, the scale tips in the BOP's favor and against overlooking Mr. McAdams failure to complete the BOP's administrative exhaustion process.[5]

Mr. McAdams' habeas petition should be denied and the case dismissed without prejudice. If, after properly exhausting his administrative remedies, Mr. McAdams disputes the BOP's final decision, he may return to federal court and seek judicial review under § 2241.[6]

---

[5] Failure to exhaust has been overlooked when the habeas petitioner completed the exhaustion process after filing his petition. See, e.g., *Leighnor v. Turner*, 884 F.2d 385, 388 (8th Cir. 1989) (reviewing a petition on the merits where prisoner belatedly exhausted his administrative remedies after filing his habeas petition because his initial non-exhaustion was effectively "cured"); *Depoister v. Birkholz*, No. 21-CV-684-ECT-BRT, 2021 WL 3492295, at *1 n.1 (D. Minn. Aug. 9, 2021), *aff'd*, No. 21-2992, 2021 WL 7210390 (8th Cir. Oct. 8, 2021) (reviewing a petition on the merits where the habeas petitioner finished the administrative process during the litigation and "effectively cured" his failure to exhaust administrative remedies) (citations omitted).

[6] While Mr. McAdams' failure to exhaust counsels against reaching the merits of his arguments, the law is not in his favor.
First, the plain language of the FSA provides that a prisoner serving a sentence for the possession of contraband in prison is ineligible to receive earned time credits, and it makes no exception for misdemeanor offenses. See 18 U.S.C. § 3632(d)(4)(D)(xxix).

## IV. CONCLUSION

IT IS THEREFORE RECOMMENDED that Petitioner Marcus McAdams' petition for writ of habeas corpus (*Doc. 1*) be denied and the case DISMISSED WITHOUT PREJUDICE.

Dated 17 November 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

Second, research indicates that every court to have considered the issue, including the Eighth Circuit, has determined that the BOP may aggregate separate sentences to determine whether an inmate is eligible to receive FSA time credits. See *Sok v. Eischen*, No. 23-1025, 2023 WL 5282709, at *1 (8th Cir. Aug. 17, 2023) (affirming denial of § 2241 petition on ground that "the BOP correctly treated [the petitioner's] prison terms as a single aggregated sentence for all 3 offenses, and therefore properly denied him FSA credits"); *Teed v. Warden Allenwood FCI Low*, No. 23-1181, 2023 WL 4556726, at *2 (3d Cir. July 17, 2023) (holding BOP's aggregation of sentences to determine FSA ineligibility proper); see also *Satizabal v. Edge*, No. 2:23-CV-00040-KGB-PSH, 2023 WL 5746932, at *2 (E.D. Ark. Sept. 6, 2023) (report and recommendation collecting cases*)*.